**UNITED STATES of America,**
**Plaintiff,**

v.

**STATE OF WYOMING et al.,**
**Defendants.**

**No. C75–30.**

United States District Court,
D. Wyoming.

Oct. 7, 1975.

Laramie, and the County Treasurer of Laramie County, Wyoming, seeking (1) a declaratory judgment ordering and adjudging that the provisions of Section 514 of the Soldiers' and Sailors' Civil Relief Act of 1940, 56 Stat. 777, as amended, protects the United States military personnel absent from their home state from state and local taxation of their personal property, including motor vehicles; (2) to permanently restrain and enjoin the defendants from collecting the registration fee from such nonresident military personnel.

The parties have stipulated that there is no dispute as to any genuine issue of fact and the matter may be decided upon the motion filed by the United States for summary judgment.

The litigants have likewise agreed that the state registration fee provided in Wyo.Stat. 31–16(a), which is collected by the County Treasurer, is not exempt under the Soldiers' and Sailors' Civil Relief Act since Congress has provided for a "licensing fee" which can be imposed by the host state if a similar fee has not been paid to the state of domicile. Subsection (2)(b) of Section 514 provides as follows:

". . . the term 'taxation' shall include but not be limited to licenses, fees, or excises imposed in respect to motor vehicles or the use thereof: Provided, That the license, fee, or excise required by the State . . . of which the person is a resident or in which he is domiciled has been paid."

The question to be resolved is, "Does Section 514 of the Soldiers' and Sailors' Civil Relief Act of 1940, 56 Stat. 777, as amended, exempt nonresident servicemen from payment of county registration fees imposed by Wyo.Stat. 31–16(b) and (c)?"

This action seeks to interpret the correct application of Wyo.Stat. 31–16(b) and (c) as it applies to servicemen stationed in Wyoming but maintaining legal residence elsewhere. The State of Wyoming seeks to impose the 3% declining value county registration fee on

Tosh Suyematsu, Asst. U. S. Atty., Wyo., and William H. Frake, Trial Atty., Tax Div., U. S. Dept. of Justice, Washington, D. C., for plaintiff.

James D. Douglass, Sp. Asst. Atty. Gen. of Wyo., for defendant State of Wyoming.

John Lynch, Asst. County Atty., Laramie County, Wyo., for defendants County of Laramie, Wyoming, and Carl E. Galt.

## MEMORANDUM OPINION

KERR, District Judge.

The United States has instituted this action against the State of Wyoming, its Attorney General, the County of

those service personnel who wish to register their automobiles in Wyoming rather than in their home state.

The county registration fee imposed by Wyo.Stat. 31–16(b) and (c) is actually a "tax" rather than a "fee." It is collected annually, is measured by the value of the vehicle, and is designed to raise revenue rather than merely cover the costs of administration of motor vehicle registration. *Sullivan v. United States*, 395 U.S. 169, 89 S.Ct. 1648, 23 L.Ed.2d 182 (1969). Both parties have stipulated to this characterization.

The distinction between a "tax" barred by Section 514 and a permissible "fee" was discussed in *California v. Buzard*, 382 U.S. 386, 86 S.Ct. 478, 15 L.Ed.2d 436 (1966). There the Supreme Court held that California could require nonresident servicemen to pay the basic fee for obtaining plates but could not collect the 2% of market value fee. This result held whether the serviceman registered his vehicle in his home state or not.

The *California v. Buzard* case involved a statute very similar to the Wyoming provision. In Wyoming the "basic fee" is the $7.50 (or $15.00 effective January 1, 1976) state registration fee imposed by Wyo.Stat. 31–18(a), and the 3% of a declining percentage of the factory price county registration fee is comparable to the 2% fee the court struck down.

In its opinion the court held that, "Taxes like the California 2% 'license fee' serve primarily a revenue interest. . . . It is from the burden of taxes serving such ends that nonresident servicemen were to be freed." *California v. Buzard, supra,* at 395, 86 S.Ct. at 484. Since the parties have stipulated that the county registration fee is primarily a revenue measure, the holding in *California v. Buzard* controls.

From the foregoing, I hold that the fee imposed by Wyo.Stat. 31–16(b) and (c) should not be collected from nonresident servicemen due to the protection afforded by Section 514 of the Soldiers' and Sailors' Civil Relief Act.